SAMANTHA C. GRANT (SBN 198130)
sgrant@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, California 90067-6078
Telephone:    310-734-5200
Facsimile:    310-734-5299

WHITNEY NONNETTE PERRY (SBN 295222)
wperry@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071-1514
Telephone:    213-457-8000
Facsimile:    213-457-8080

Attorneys for Defendant
NORTHROP GRUMMAN
SYSTEMS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME LAMAS, an individual;<br><br>             Plaintiff,<br><br>      vs.<br><br>NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive<br><br>             Defendant. | Case No.: 5:26-cv-01943<br><br>[Removed from Santa Clara County Superior Court – Case No. 25CV482749]<br><br>**DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>*(Filed concurrently with: Declaration of Whitney Nonnette Perry; Request for Judicial Notice; Corporate Disclosure Statement and Certification of Conflicts, Interested Entities and Persons, and Citizenship)*<br><br>(Diversity Jurisdiction: 28 U.S.C. §§1332, 1441, 1446) |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on this date, Defendant Northrop Grumman Systems Corporation ("Northrop") did and hereby does remove the above-entitled action from the Superior Court of California for the County of Santa Clara to the United Stated District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between Plaintiff Jaime Lamas ("Plaintiff") and Northrop and the amount in controversy exceeds $75,000. The removal of this action terminates all proceedings in the Superior Court for the County of Santa Clara. *See* 28 U.S.C. section 1446(d).

Northrop removes this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446 based on the following:

1.    On December 19, 2025, Plaintiff filed a complaint entitled *Jaime Lamas v. Northrop Grumman Systems Corporation and Does 1 through 50, inclusive*, Case No. 25CV482749, in the Superior Court of the State of California for the County of Santa Clara (the "State Court Action").

2.    On February 10, 2026, Plaintiff served Northrop with the Summons and the Complaint in the State Court Action. A true and correct copy of the Complaint served on Northrop is attached as **Exhibit A** to the declaration of Whitney Nonnette Perry ("Nonnette Perry Decl."). A true and correct copy of the Summons served on Northrop is attached to the Nonnette Perry Declaration as **Exhibit B.** Along with the Summons and Complaint, Plaintiff also served Northrop with a Civil Case Cover Sheet, a true and correct copy of which is attached to the Nonnette Perry Declaration as **Exhibit C**.

3.    On February 13, 2026, Northrop filed and served an answer in the State Court Action. A true and correct copy of the Answer is attached to the Nonnette Perry Declaration as **Exhibit D**.

4.    **<u>Copies of All process, Pleadings, and Orders</u>**.  The Summons, Complaint, Civil Case Cover Sheet, and Answer, and Proof of Service of Summons/Complaint (Exhibits A-D to the Nonnette Perry Decl.) constitute all process, pleadings and order in the State Court Action within the meaning of 28 U.S.C. section 1446(a).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5. **All Named Defendants Join in Removal.** Northrop is the only named defendant in this action and the only defendant served with the Summons and Complaint, so there are no other parties to join in this Notice of Removal. 28 U.S.C. § 1441(a).

6. **Removal is Timely.** This Notice of Removal is being filed within thirty (30) days after the State Court Action became subject to removal on February 10, 2026 and within one year of the date the State Court Action was filed on December 19, 2025. Therefore, the Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b).

7. **Proper Venue.** The United States District Court for the Northern District of California is the District within which said Superior Court of California for the County of Santa Clara case is pending.

**DIVERSITY JURISDICTION**

8. This Court has original jurisdiction of this action based upon diversity of citizenship under 28 U.S.C. section 1332. Northrop may remove the State Court Action to this Court, pursuant to the provisions of 28 U.S.C. section 1441(b), because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Complete diversity of citizenship exists because:

9. **Plaintiff's Citizenship**. Allegations on information and belief as to citizenship are sufficient to support removal. *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."). Northrop is informed and believes that Plaintiff is, at the time of filing this Notice of Removal, and was, at the time of filing his Complaint, a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a). Moreover, Plaintiff concedes in the Complaint that he is a "resident and citizen of the State of California..." *See* Nonnette Perry Decl., Exh. A (Complaint), ¶ 4.

10. **Defendant Northrop's Citizenship**. Pursuant to 28 U.S.C. section 1332(c)(1), a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. Northrop is now and was, at the time of filing the State Court Action, a citizen of the State of Delaware and the State of Virginia and not the State of California, as shown below.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

11.     Northrop is incorporated in the state of Delaware, which Plaintiff concedes. *See* Nonnette Perry Decl., Exh. A (Complaint), ¶ 5 ("PLAINTIFF is informed and believes, and thereon alleges, that NORTHROP is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware."); Northrop's Request for Judicial Notice in Support of Removal ("RJN"), Exh. 1.

12.     Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010).  Under the "nerve center" test, the principal place of business is "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Id.* at 1183. The nerve center "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184. The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

13.     Northrop's principal place of business is at the time of filing this Notice of Removal, and was as of the date of the filing of the Complaint in the State Court Action, in the State of Virgina as established by the following facts: The headquarters, the principal operations center, and the place of Northrop's high level officers who direct and control the operations, as of the date of the filing of the Complaint and now, are in Falls Church, Virginia. Its corporate headquarters is in Falls Church, Virginia. Northrop's headquarters is where most of the executives have their offices, where the administrative and financial officers are located, and where most of the day-to-day control of the business is exercised. RJN at Exh. 1. As such, Northrop is a citizen of the State of Delaware and the State of Virginia and is not a citizen of the State of California. Therefore, Plaintiff and Northrop are citizens of different states.

14.     **Doe Defendants**.  Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 18 U.S.C. section 1332. *Firstos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 415 (D. Haw. 1996) ("[I]n light of Ninth Circuit case-law, this Court finds that

– 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Doe defendants do not destroy diversity jurisdiction."). Thus, the existence of Doe Defendants 1-50, inclusive, does not deprive the Court of jurisdiction.

15. **The Amount in Controversy Exceeds $75,000.** Where a plaintiff does not specify a particular amount of damages in the Complaint, a removing defendant must show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Therefore, Northrop needs to show only that there is a "reasonable probability that the stakes exceed," $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obliged to research, state and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377.

16. The amount in controversy is based on the assumption that a plaintiff's allegations are true and that a plaintiff will prevail on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

17. **Damages Sought**. Here, without admitting the validity of Plaintiff's causes of action (all of which are expressly denied by Northrop), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Although Plaintiff does not pray for a specific dollar amount in his Complaint, he alleges claims for: (1) Disability Discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Make Reasonable Accommodation in violation of the FEHA; (3) Faire to Engage in the Interactive Process in violation of the FEHA; (4) Retaliation in Violation of the FEHA; (5) Failure to Prevent Discrimination and/or Harassment in violation of the FEHA; and (6) Wrongful Discharge. *See* Nonnette Perry Decl, Exh. A (Complaint).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

In his Complaint, Plaintiff alleges that he has suffered economic harm in the form of lost income and benefits as a result of Northrop's purported unlawful termination of his employment and seeks monetary damages. *See id.*, Exh. A (Complaint), ¶¶ 44, 50, 58, 65, 73, 81; Prayer, ¶ 1. Plaintiff also alleges emotional distress and seeks related damages. *See id.*, Exh. A (Complaint), ¶¶ 44, 50, 58, 65,  73, 81; Prayer, ¶ 1. In addition, Plaintiff seeks attorneys' fees. *See id.*, Exh. A (Complaint) ¶¶ 46, 53, 60, 67, 75; Prayer, ¶ 5. Finally, Plaintiff seeks punitive damages. *See id.*, Exh. A (Complaint) ¶¶, 45, 51, 59, 66, 74, 82; Prayer ¶ 3. The amount-in-controversy requirements of 28 U.S.C. section 1332(a) exclude only "interest and costs." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Based on Plaintiff's allegations and prayer, that amount exceeds $75,000.

18.     **Lost Earnings and Other Employment Benefits**. In his Complaint, Plaintiff alleges economic losses. *See* Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 44, 50, 58, 65, 73, 81, Prayer, ¶ 1. At the time of Plaintiff's separation from Northrop on August 7, 2024, he was working full-time, and earning a base pay of $128,000 per year, or $2,461.53 weekly. A reasonable estimate of Plaintiff's claimed lost wages from the time of the termination of his employment (August 7, 2024) through trial, assuming the trial takes place one year from the date of this removal, would be **$329,845.02** based on Plaintiff's base pay ($2,461.53 per week) and 134 weeks of lost wages. *Id.*; s*ee Chavez*, 888 F.3d at 416 (holding that, for purposes of diversity jurisdiction, "the amount in controversy encompasses all relief a court may grant on that complaint if the plaintiff is victorious" including both past and future lost wages). This amount of potential compensatory damages does not include recoverable lost employment benefits, and the other potential damages Plaintiff seeks, as set forth below, which increases Plaintiff's alleged economic losses.

19.     **Compensation for Emotional Distress**. The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, Plaintiff seeks emotional distress damages, resulting from the alleged wrongful termination, discrimination, and retaliation. *See* Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 44, 50, 58, 65, 73, 81. Indeed, Plaintiff alleges that he "has suffered…humiliation, mental anguish, and physical and emotional distress…" *Id*. Adding the amount in controversy for emotional distress damages sought by

– 6 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Plaintiff increases the total amount in controversy, which already exceeds $75,000 based on his alleged economic damages.

21. **Punitive Damages**. Plaintiff also seeks punitive damages. *See* Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 45, 51, 59, 66, 74, 82; Prayer ¶ 3. Punitive damages are recoverable in discrimination actions. *See Commodore Home Systems, Inc. v. Superior Court,* 32 Cal. 3d 211, 221 (1982). Punitive damages should be considered when determining the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). Adding the amount in controversy for punitive damages sought by Plaintiff increases the total amount in controversy, which already exceeds $75,000 based on his alleged economic damages.

22. **Attorneys' Fees**. Plaintiff also seeks to recover attorneys' fees. Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 46, 53, 60, 67, 75; Prayer, ¶ 5. Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether an award is discretionary or mandatory). This must include all attorney's fees likely to be incurred through trial of an action. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). Adding the amount in controversy for attorneys' fees sought by Plaintiff increases the total amount in controversy, which already exceeds $75,000 based on his alleged damages.

22. Based on Plaintiff's allegations and his prayer for relief, a reasonable estimate of **the amount in controversy is $329,845.02** plus the amount in controversy for emotional distress, punitive damages, and attorneys' fees.  As such, the total amount in controversy far exceeds the $75,000 jurisdictional threshold.

23. A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Santa Clara and served upon all adverse parties as required by 28 U.S.C.

– 7 –

NOTICE OF REMOVAL

section 1446(d), and an appropriate notice of compliance with 28 U.S.C. section 1446(d) also shall be served and filed in the above-entitled Court.

WHEREFORE, Northrop hereby removes the above-entitled civil action from the Superior Court of the State of California for the County of Santa Clara to this Court.

DATED:  March 5, 2026                    REED SMITH LLP


By:    /s/ Whitney Nonnette Perry
          Samantha C. Grant
          Whitney Nonnette Perry

          Attorneys for Defendant
          NORTHROP GRUMMAN SYSTEMS
          CORPORATION

– 8 –

NOTICE OF REMOVAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware